1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HAYLEY SKINNER, et al., | 2:12-CV-1730 JCM (NJK) |
| Plaintiff(s), | |
| v. | |
| CLARK COUNTY SCHOOL DISTRICT, et al., | |
| Defendant(s). | |

**ORDER**

Presently before the court is defendant Clark County School District's motion to dismiss. (Doc. # 8).[1] Plaintiff, Hayley Skinner, through her parent, Christopher E. Skinner, Jr. responded. (Doc. # 11). Defendant replied. (Doc. # 17).

**I.     Background facts**

This action arises out of alleged physical and psychological abuse of a 10-year-old student with disabilities by two Clark County School District employees. The student, Hayley Skinner, suffers from bipolar disorder amongst other disabilities. Because of her disabilities, Hayley attends school at Variety School, a Clark County School District school for students with physical and mental disabilities.

On February 9, 2010, plaintiff alleges that Latasha Anderson and Lafayette Clark, a bus driver and bus aide respectively, abused Hayley while she was on the bus. Plaintiff alleges that in

---

[1] Defendant Clark County School District is hereinafter referred to as defendant.

1   response to Hayley's behavior as a result of her bipolar disorder, Clark allegedly struck Hayley,

2   fastened her to a seat with a belt, insulted and screamed at her loudly, and grabbed her and shook her.

3   Anderson allegedly encouraged and permitted Clark's behavior.

4        Plaintiff brings the instant suit against named defendants Clark County School District,

5   Anderson, and Clark. (*See* doc. # 1). Plaintiff's complaint alleges: (1) violation 18 U.S.C. § 1983 for

6   deprivation of substantive due process against all defendants; (2) violation of 18 U.S.C. § 1983 for

7   deprivation of equal protection against all defendants; (3) violation of the Rehabilitation Act of 1973,

8   29 U.S.C. § 794 *et seq.* against all defendants; (4) violation of the Americans with Disabilities Act,

9   42 U.S.C. § 12101 *et seq*. against all defendants; (5) violation of NRS § 392.4633 against all

10   defendants; (6) assault against all defendants; (7) battery against all defendants; (8) intentional

11   infliction of emotional distress against Clark; (9) negligence against Anderson; (10) negligent

12   performance of an undertaking against Anderson; (11) breach of fiduciary duty against Anderson;

13   (12) negligence per se against Anderson; (13) vicarious liability for negligence and negligence per

14   se against defendant; (14) negligent hiring, training, supervision, and retention against defendant;

15   and (15) false imprisonment against all defendants. (*Id.*)

16        Defendant moves to dismiss those causes of action brought against it.[2] Defendant moves for

17   dismissal only on its own behalf.[3]

18   **II.   Legal standard**

19        A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

20   be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain

21   statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell*

22   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual

23

24        [2] The causes of action brought against defendant are (1) and (2) violation 18 U.S.C. § 1983; (3) violation of the
Rehabilitation Act of 1973; (4) violation if the Americans with Disabilities Act; (5) NRS § 392.4633; (6) assault; (7)

25   battery; (13) vicarious liability; (14) negligent hiring, training, supervision, and retention; and (15) false imprisonment.
(*See* doc. # 1).

26

27        [3] Defendant represents that Anderson and Clark are no longer employed by Clark County School District.

28

James C. Mahan
U.S. District Judge

- 2 -

1    allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

2    of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

3          "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S.

4    at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to

5    "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

6          In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

7    considering motions to dismiss. First, the court must accept as true all well-pled factual allegations

8    in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950.

9    Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not

10   suffice. *Id.* at 1949.

11         Second, the court must consider whether the factual allegations in the complaint allege a

12   plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint

13   alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the

14   alleged misconduct. *Id.* at 1949.

15         Where the complaint does not permit the court to infer more than the mere possibility of

16   misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.*

17   (internal quotations omitted). When the allegations in a complaint have not crossed the line from

18   conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

19         The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,

20   1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,

21   allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,

22   but must contain sufficient allegations of underlying facts to give fair notice and to enable the

23   opposing party to defend itself effectively. Second, the factual allegations that are taken as true must

24   plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to

25   be subjected to the expense of discovery and continued litigation." *Id.*

26   . . .

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    **III.     Discussion**

2             **A.      Plaintiff's 28 U.S.C. § 1983 claims (claims one and two)**

3             "Section 1983 suits against local governments alleging constitutional rights violations by

4    government officials cannot rely solely on respondeat superior liability." *AE ex rel. Hernandez v.*

5    *County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (*citing Whitaker v. Garcetti*, 486 F.3d 572, 581

6    (9th Cir.2007); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Instead, plaintiff must

7    establish that "the local government had a deliberate policy, custom, or practice that was the moving

8    force behind the constitutional violation [she] suffered." *Whitaker*, 486 F.3d at 581 (citation and

9    internal quotation marks omitted).

10            Here, plaintiff's complaint fails to allege facts that defendant had a "policy, custom, or

11   practice" that caused a violation of plaintiff's constitutional rights. The complaint alleges a one-time

12   incident of abuse by a school bus aide and a failure to intervene by the bus driver. The complaint

13   does not identify any policy by defendant that was the moving force behind the incident. The court

14   finds dismissal of plaintiff's § 1983 claims against defendant appropriate.

15            **B.      Plaintiff's Rehabilitation Act and Americans with Disabilities Act claims (claims**

16                     **three and four)**

17                     **I.      Rehabilitation Act**

18            Section 504 of the Rehabilitation Act provides in relevant part: "No otherwise qualified

19   individual with a disability in the United States . . . shall, solely by reason of her or his disability, be

20   excluded from the participation in, be denied the benefits of, or be subjected to discrimination under

21   any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). "Section 504

22   applies to all public schools that receive federal financial assistance." *Mark H. v. Lemahieu*, 513 F.3d

23   922, 929 (9th Cir. 2008); *see also* 29 U.S.C. § 794(b)(2)(B).

24            To make out a prima facie case of disability discrimination under the Rehabilitation Act,

25   plaintiff must show that: (1) she is handicapped within the meaning of the Rehabilitation Act; (2)

26   she is otherwise qualified for the benefit or services sought; (3) she was denied the benefit or

27

28

**James C. Mahan**
**U.S. District Judge**                                              - 4 -

1   services "solely by reason of" her handicap; and (4) the program providing the benefit or services

2   receives federal financial assistance. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

3           **ii.   Americans with Disabilities Act**

4         Title II of the American with Disabilities Act prohibits a public entity from discriminating

5   against a qualified individual with a disability on the basis of disability. *See* 42 U.S.C. § 12132. A

6   claim for disability discrimination requires that plaintiff show that: (1) she is a qualified individual

7   with a disability; (2) she is otherwise qualified to participate in or receive the benefit of some public

8   entity's services, programs or activities; (3) she was either excluded from participation in or denied

9   the benefits of the public entity's services, programs, or activities, or was otherwise discriminated

10  against by the public entity; and (4) some exclusion, denial of benefits, or discrimination was by

11  reason of her disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

12          **iii.   Relief sought**

13        Plaintiff seeks actual, compensatory, and punitive damages. (*See* doc. # 1, 32:3-9). To recover

14  monetary damages under Title II or § 504, a plaintiff must prove intentional discrimination on the

15  part of defendant. *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998); *see also Lovell*,

16  303 F.3d at 1056. The "deliberate indifference" standard applies as to the level of intent required to

17  support an award for compensatory damages. *See Lovell*, 303 F.3d at 1056.

18        "Deliberate indifference requires both knowledge that a harm to a federally protected right

19  is substantially likely, and a failure to act upon that likelihood." *Duvall v. County of Kitsap*, 260 F.3d

20  1124, 1139 (9th Cir. 2001) (*citing City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). The first

21  element is satisfied when the public entity has notice that an accommodation is required. *Id.* The

22  second element is satisfied if the entity's "failure to act [is] a result of conduct that is more than

23  negligent, and involves an element of deliberateness." *Id.* Under the second element, "a public entity

24  does not 'act' by proffering just any accommodation: it must consider the particular individual's

25  need when conducting its investigation into what accommodations are reasonable." *Id.*

26  . . .

27  . . .

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

### iv.    Discussion

In this case, even accepting as true all of plaintiff's factual allegations and drawing all reasonable inferences in her favor, the court is still compelled to find that plaintiff failed to state a claim under § 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act. Nowhere does the complaint allege facts demonstrating "intentional discrimination" or "deliberate indifference" on defendant's part. Further, the threadbare allegations contained in these claims neither mention that defendant had notice of this harm nor that defendant failed to act. *See Duvall*, 260 F.3d at 1139. Based on similar deficiencies identified *supra* III.A., the court finds dismissal of these claims against defendant appropriate.

## IV.    Supplemental jurisdiction[4]

This court is authorized by 28 U.S.C. § 1367(a) to exercise supplemental jurisdiction over state-law claims whenever the relationship between the federal and state claims is such that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a district court may decline to exercise supplemental jurisdiction over a related claim grounded in state law where "(1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* at § 1367(c). The court may also decline to exercise supplemental jurisdiction if the retention of the state claims "requires the expenditure of substantial additional judicial time and effort." *Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 24 F.3d 1545, 1548 (9th Cir. 1994); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343 (1988); *see also Government Employees Ins. Co. v. Dizol,* 33 F.3d 1220, 1224 (9th Cir. 1998).

. . .

. . .

---

[4] Plaintiff appears to allege the following state law causes of action against defendant: (5) NRS § 392.4633; (6) assault; (7) battery; (13) vicarious liability; (14) negligent hiring, training, supervision, and retention; and (15) false imprisonment. (*See* doc. # 1).

1      In the case where the federal claims are dismissed early and state-law claims substantially

2  predominate, the usual remedy is to dismiss the state-law claims without prejudice. *See Cohill*, 484

3  U.S. at 350 (1988); *Schneider v. TRW, Inc.*, 938 F.2d 986, 993 (9th Cir. 1991) ("[I]n the usual case

4  in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward

5  declining to exercise jurisdiction over the remaining state law claims.").

6      Here, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims

7  because this case is still in the initial proceedings, all remaining claims against defendant arise under

8  state law, and the values of judicial economy, convenience, fairness, and comity are furthered by

9  dismissing the state law claims without prejudice. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir.

10 2001) ("A court may decline to exercise supplemental jurisdiction over state-law claims once it has

11 dismissed all claims over which it has original jurisdiction."); *see also San Pedro Hotel Co. v. City*

12 *of L.A.*, 159 F.3d 470, 478 (9th Cir. 1998) (district courts not required to provide explanation when

13 declining jurisdiction under 28 U.S.C. § 1367(c)(3)).

14     Because the court holds that plaintiff's federal claims against defendant do not contain

15 sufficient factual matter to survive its motion to dismiss, the court declines to exercise supplemental

16 jurisdiction over plaintiff's state-law claims and therefore does not reach those claims on the merits.

17 **V.    Conclusion**

18     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Clark County

19 School District's motion to dismiss (doc. # 8) be, and the same hereby is, GRANTED. Plaintiff's

20 action as against defendant Clark County School District is dismissed without prejudice.

21     DATED April 10, 2013.

22

23

24                         _____

25                         **UNITED STATES DISTRICT JUDGE**

26

27

28

James C. Mahan
U.S. District Judge